**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001087
30-NOV-2012
01:34 PM**

NO. CAAP-11-0001087

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


BRUCE A. FRANK, Petitioner-Appellant, v.
STATE OF HAWAI‘I, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P.P. NO. 11-1-008K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over Petitioner-Appellant Bruce A. Frank's (Appellant Frank) appeal from the Honorable Elizabeth A. Strance's December 2, 2011 "Order Setting Hearing to Set Restitution Payments" (the December 2, 2011 interlocutory order) in S.P.P. No. 11-1-008K, because the December 2, 2011 interlocutory order is not an appealable final judgment pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011), Rule 40(h) of the Hawai‘i Rules of Penal Procedure (HRPP), and the holding in Grattafiori v. State, 79 Hawai‘i 10, 13, 897 P.2d 937, 940 (1995).

"The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." State v. Poohina, 97 Hawai‘i 505, 509, 40 P.3d 907, 911 (2002) (citation and internal quotation marks omitted). "In a circuit court criminal case, a defendant may appeal from the judgment of the circuit court, see HRS § 641-11 (1993), from a certified interlocutory order, see HRS § 641-17 (1993), or from an interlocutory order denying a motion to dismiss based on double jeopardy." State v. Kealaiki, 95 Hawai‘i 309, 312, 22 P.3d 588, 591 (2001) (citation omitted). Therefore, pursuant to HRS § 641-11 (Supp. 2011) and "HRPP [Rule] 40(h),

appeals from proceedings for post-conviction relief may be made from a judgment entered in the proceeding and must be taken in accordance with Rule 4(b) of the Hawai'i Rules of Appellate Procedure (HRAP)." Grattafiori, 79 Hawai'i at 13, 897 P.2d at 940 (1995) (internal quotation marks and brackets omitted).

In the instant case, the circuit court has not yet entered a final judgment or final order that resolves all of the issues raised in Appellant Frank's HRPP Rule 40 petition for post-conviction relief. The December 2, 2011 interlocutory order resolves some, but not all, of the issues raised in Appellant Frank's HRPP Rule 40 petition for post-conviction relief. According to the language of the December 2, 2011 interlocutory order, the circuit court intends to determine the manner in which Appellant Frank must pay the restitution portion of the sentence that the circuit court imposed against Appellant Frank in a September 26, 2000 judgment of conviction in Criminal No. 98-252K, but the record in S.P.P. No. 11-1-008K shows that the circuit court has not yet made this determination. Therefore, the December 2, 2011 interlocutory order is not appealable pursuant to HRS § 641-11 and HRPP Rule 40(h). Appellant Frank's appeal from the December 2, 2011 interlocutory order is premature, and we lack appellate jurisdiction. Accordingly,

IT IS HEREBY ORDERED that appeal is dismissed for lack of appellate jurisdiction without prejudice to Appellant Frank asserting a timely appeal from a future final judgment or final order that resolves the final remaining issue in his HRPP Rule 40 petition for post-conviction relief in S.P.P. No. 11-1-008K.

DATED: Honolulu, Hawai'i, November 30, 2012.

Presiding Judge

Associate Judge

Associate Judge

2